IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Anthony Lamar Snipe,          )
                                    )
             Petitioner,    )        CA #: 2:06-776-PMD
                                    )        CN #: 2:02-833
v.                                )
                                    )
United States of America,    )        **ORDER**
                                    )
             Respondent.   )
_____)

       This matter is before the court upon Petitioner Anthony Lamar Snipe's ("Snipe") motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. The government has filed a response in opposition to Snipe's motion, asserting that it is untimely or alternatively, that it fails on the merits. For the reasons set forth below, the court dismisses Snipe's § 2255 motion.

## BACKGROUND

       On February 18, 2003, Snipe pleaded guilty to one count of using and carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and one count of possession with the intent to distribute cocaine and crack cocaine, in violation of 21 U.S.C. 841(a)(1). Subsequently, on June 11, 2003, the court sentenced Snipe to 180 months in prison, to be followed by eight years of supervised release. The court issued a judgment and commitment order on June 24, 2003, effectively turning the petitioner over to the Bureau of Prisons.

       More than two and a half years later, on March 13, 2006, Snipe, proceeding *pro se*, filed the present § 2255 motion seeking habeas corpus relief.[1] In his motion, Snipe complains of ineffective

---

     [1] *Pro se* pleadings are accorded liberal construction. *See, e.g., Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978).

assistance of counsel and improper sentence enhancement; additionally, Snipe asserts that supervised release violates his constitutional rights and is not an authorized sentence.

## STANDARD OF REVIEW

Snipe proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  On a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence.  *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).  In deciding a § 2255 motion, the court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  The court has thoroughly reviewed the motions, files, and records in this case and finds that no hearing is necessary.

## DISCUSSION

### I.    Statute of Limitations Under 28 U.S.C. § 2255

On April 24, 1996, President Clinton signed the Antiterrorism and Effective Death Penalty Act ("AEDPA") into law.  Among the changes made by the AEDPA was the addition of a one-year statute of limitations under 28 U.S.C. § 2255.  This one-year statute of limitations runs *from the latest of*:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 (emphasis added). "If a prisoner cannot fit his petition into the time frame specified by one of these four categories, it must be dismissed as untimely." *United States v. Gadsen*, 332 F.3d 224, 226 (4th Cir. 2003).

In the present case, it is clear that Snipe cannot satisfy the AEDPA's one-year statute of limitations. First, pursuant to § 2255(1), Snipe had one year from the date on which his judgment became final. Snipe's judgment became final when the time expired for him to file a direct appeal, or in other words, ten days after judgment was entered, plus an additional 30-day excusable neglect period. *See* Fed. R. App. P. 4(b); *see also United States v. Walker*, 1999 WL 760237 (4th Cir. Sept. 17, 1999) (unpublished) (giving a § 2255 petitioner the benefit of the ten-day period and 30-day excusable neglect period). Judgment was entered on June 24, 2003, and therefore, the ten-day period ended on July 9, 2003.[2] Giving petitioner the benefit of the 30-day excusable neglect period, his judgment became final on August 8, 2003. To satisfy § 2255(1), Snipe, therefore, needed to file his motion on or before August 8, 2004, one year from the date on which his judgment became final. Because Snipe did not file the present motion until March 10, 2006, he does not satisfy subsection

---

[2] In calculating the ten-day period, the day of the entry of judgment is excluded, and intermediate Saturdays, Sundays, and legal holidays are excluded because the period is less than 11 days. *See* Fed. R. App. P. 26(a); *see also* Fed. R. Crim. P. 45(a) (providing the same rules for calculation of time). Here, judgment was entered on Tuesday, June 24, 2003. Therefore, the period begins the following day, on Wednesday, June 25, and it excludes the interim weekends and legal holiday of Independence Day. Following from this calculation, ten-day period ran on July 9, 2003.

3

(1).  *See* 28 U.S.C. § 2255(1).

Likewise, Snipe does not satisfy any of the remaining subsections of § 2255.  First, with respect to subsection (2), which starts the one-year clock on the date "on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed," the court simply finds no evidence to persuade it that Snipe's motion was prevented by any governmental action as required by 28 U.S.C. § 2255(2).  Similarly, Snipe does not satisfy subsection (3) because *United States v. Booker*, 125 S.Ct. 738 (2005), did *not* announce "a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review."  *United States v. Fowler*, 133 Fed.Appx. 922, 922-23 (4th Cir. 2005); *see United States v. Morris,* 429 F.3d 65, 72 (4th Cir. 2005); *United States v. Thomas*, 2005 U.S. App. LEXIS 18052, *2-*4 (10th Cir. Aug. 23, 2005) (affirming the district court's denial of § 2255 claim because neither *Blakely* nor *Booker* apply retroactively to cases on collateral review); *United States v. Aikens*, 2005 U.S. App. LEXIS 16652, (3d Cir. Aug. 9, 2005) (same); *Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005) (same).  Finally, subsection (4) – triggered by the date on which facts supporting the claim could have been discovered through the exercise of due diligence – does not trigger a new one-year period for Snipe because Snipe does not allege the discovery of any new facts that would in any way affect the limitations period.  Ultimately, therefore, the court concludes that Snipe's motion was not timely filed pursuant to § 2255.[3]

---

[3] The argument that a motion was timely filed pursuant to § 2255 is distinct from the argument that the limitation period should be tolled based on equitable principles.  Equitable tolling is available only in "those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted), *cert. denied,* 516 U.S. 832 (2004); *see also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting the same).

4

## CONCLUSION

It is, therefore, **ORDERED**, for the foregoing reasons that Snipe's § 2255 motion is

**DISMISSED.**

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**

**July 13, 2006**

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Federal Rules of Appellate Procedure 3 and 4.  *See* Fed. R. App. P. 3-4.

---

In the present case, Snipe has not presented any extraordinary circumstances beyond his control that prevented him from filing on time.  Rather, Snipe waited well over two years after his judgment became final before filing his § 2255 motion.  Therefore, upon a review of the materials presented, the court finds that principles of equitable tolling cannot salvage Snipe's motion.  *See, e.g., United States v. Phillips*, 2005 WL2777573, *2 (D.S.C. Oct. 25, 2005) (finding that equitable tolling does not apply when petitioner waited a year and a half after learning that counsel did not appeal his conviction to file motion).